IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KEALAN HANNIGAN | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv573 |
| WARDEN, USP BEAUMONT | § | |

## REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Kealon Hannigan, an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a motion for summary judgment filed by the respondent (doc. no. 6).

### The Petition

Petitioner complains that the BOP has failed to give him proper credit for time spent in custody prior to the imposition of his federal sentence. Petitioner seeks credit for the period beginning on August 17, 2019, and ending on February 10, 2020.

### Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[1]  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v.*

---

[1]  This language reflects the amendments to the Federal Rules of Civil Procedure which came into effect on December 1, 2010.  These amendments moved language from Rule 56(c) to Rule 56(a) and changed the Rule to read "genuine dispute as to any material fact," rather than "genuine issue as to any material fact."  As the Committee Note to Rule 56 makes clear, the new language "carries forward the summary judgment standard expressed in former subdivision (c)."

*Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Judwin Props., Inc. v. U.S. Fire Ins. Co.*, 973 F.2d 432, 425 (5th Cir. 1992).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "the non-moving party must show that summary judgment is appropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

As summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (quoting *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)). Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party. *Rubenstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000).

<u>Discussion</u>

A district court has the authority to grant a writ of habeas corpus if a prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. Although the statute does not explicitly require prisoners to exhaust available administrative remedies before

filing a petition, the United States Court of Appeals for the Fifth Circuit has held that prisoners must exhaust available administrative remedies before seeking relief in court. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement only apply in extraordinary circumstances, such as when the petitioner proves that exhaustion would be futile. *Fuller*, 11 F.3d at 62.

The BOP has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must make an attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form (BP-9). 28 C.F.R. § 542.14. Both the informal resolution and the BP-9 form must be filed within twenty calendar days following the incident that is the basis for the complaint. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director within twenty days after the warden's response. 28 U.S.C. § 542.15. If still unsatisfied, the prisoner may appeal to the Central Office within thirty days of the Regional Director's decision. *Id*. There are time limits for BOP officials to respond at each level of the administrative remedy process.

A prisoner does not exhaust administrative remedies by simply filing each step without regard for procedural requirements. "Proper exhaustion requires compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the court of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

Petitioner does not contend he exhausted his administrative remedies before filing this petition. The respondent has submitted a declaration from Justin Thornton, the Acting Executive Assistant at the Federal Correctional Complex in Beaumont. As part of his job duties, Mr. Thornton is responsible for coordinating the administrative remedy program, and he has access to the inmate records at every step of the administrative remedy program. The records submitted by Mr. Thornton

reflect that petitioner has not submitted an administrative remedy regarding receiving credit for time spent in custody prior to his federal sentencing.

The competent summary judgment evidence demonstrates that petitioner has not exhausted his administrative remedies, a fact petitioner does not contest, and petitioner has failed to show that extraordinary circumstances warrant making an exception to the exhaustion requirement in this case. As there is no genuine dispute of material fact as to whether petitioner has exhausted his administrative remedies, the motion for summary judgment should be granted.

Recommendation

The respondent's motion for summary judgment should be granted and this petition for writ of habeas corpus dismissed pursuant to Federal Rule of Civil Procedure 56.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 30th day of August, 2022.

_____
Zack Hawthorn
United States Magistrate Judge